# STATE OF FLORIDA v BRICE

Case No. 85-170 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

August 22, 1986

## APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Julie S. Thornton,** Assistant Attorney General, for appellant.

**David Mermell** for appellee.

Before BARAD, FEDER, SHAPIRO, JJ.

## OPINION OF THE COURT

SHAPIRO, J.

This Court recently reviewed a similar factual situation in *State v. Altamirano*, 15 Fla. Supp.2d 97 (11th J.C. 1986). The Court concluded

that, based on existing case law, no right to counsel exists in situations such as that presented to this Court for consideration. With due respect to my learned colleague who dissents from this opinion, we are not concerned with findings by the trial judge on the issue of what efforts were made to contact the attorney. In addition, in a situation such as exists in alcohol-related arrests, a balance test must be applied. A fundamental fairness requirement should not override the rights of society to be free from individuals driving under the influence of alcohol on our roadways. To wait until a suspected impaired person has contacted his attorney might mean that the evidence is diluted.

Based on the foregoing, the actions of the trial court were incorrect. The Order granting the Motion to Suppress is reversed and the matter remanded for further consideration.

FEDER, Judge, dissenting.

I must respectfully dissent.

Although the United States Supreme Court has indicated there is no U.S. Constitutional or statutory right to counsel prior to chemical testing for blood alcohol (see *Nyflot v. Minnesota Commissioner of Public Safety*, 369 N.W. 2d 512 (1984), app. dism. 88 L. Ed. 2d 567, 106 S. Ct. 586 (1985)), this is not dispositive of the issue.

Parenthetically, there is still the Florida Constitution and Florida Statutes which have, on occasion, granted more rights to Florida's citizens than its U.S. counterpart.

Even if there is a absence of a Constitutional right to counsel, the question still remains if there has been a violation of the "fundamental fairness" test under the circumstances of this case. *Fusari v. Steinberg*, 419 U.S. 379, 389, 95 S.Ct. 533, 42 L. Ed. 2d 521 (1975).

In addition, in the November, 1985, edition of *The Florida Bar Journal*, there is an enlightening article on the subject by William Hussey, Esquire, entitled "Breath Test: Is There a Right to Counsel?"

Weighing the possibly devastating consequences of a revocation of a driver's license against the time consequences of a reasonable opportunity to reach and consult with an attorney (herein the State placed a call to the defendant's attorney's *office* on a Sunday evening at 10:30 p.m. and [surprise!] only contacted an answering service). Fundamental fairness should require the court to come down on the side of a reasonable opportunity for consultation with an attorney unless there is some overriding prejudice to the State.

Section 901.24, F.S., provides as follows:

"A person arrested shall be allowed to consult any attorney entitled

to practice in this State, alone and in private in the place of custody, as often and for such periods of time as is reasonable."

The trial judge found that the attempt to place a call to the attorney's office on a Sunday evening was not a reasonable exercise in light of the testimony of witnesses whose demeanor he observed and the videotape in question. In light of the facts presented (such as misrepresentation to the Defendant of what the answering service said; or even that it was an answering service that answered the phone; a refusal to permit a second call; a refusal to even permit the Defendant to make a choice of to proceed or to attempt to call a second attorney; etc.); this Court should not second-guess the trier of the facts as to what was—under the circumstances and exigencies of that case—a "reasonable opportunity" to avail oneself of the advice of an attorney before making a decision relative to the taking or refusal to take the chemical test.

I would therefore affirm the trial judge's granting of the Motion to Suppress.